UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY ALBERT PRICE,<br>      Petitioner,<br><br>-v-<br><br>MARY BERGHUIS,<br>      Respondent. | No. 1:10-cv-159<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING HABEAS PETITION

Stanley Price, a Michigan prisoner, filed a petition under 28 U.S.C. § 2254 challenging his conviction in state court. The magistrate judge issued a report recommending the petition be denied. (ECF No. 42.) Price filed objections. (ECF No. 44.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Having reviewed the record, the Court finds the report and recommendation accurately sets forth the relevant facts and correctly applies the law. The objections do not undermine the sound

reasoning set forth in the report and recommendation. The most effective way of addressing the objections would be to reiterate portions of the report and recommendation, an unnecessary and inefficient use of judicial resources. Accordingly, the report and recommendation (ECF No. 42) is **ADOPTED, over objections,** as the opinion of this Court.

II.

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

This Court has reviewed the petition for the purposes of determining whether to issue a certificate of appealability. Reasonable jurists would not disagree with the resolution of the claims advanced in the petition. Price has not established a sufficient claim for actual innocence. Price has not identified any Supreme Court opinion placing constitutional limits on a state court judge's ability to question witnesses at trial. To the extent such limits exist, reasonable jurists would not disagree that the state court judge acted within those constraints. For the reasons provided in the report and

2

recommendation, trial counsel was not ineffective. Even if trial counsel should have objected to the photo array, the privileged testimony, or the testimony of the former wife, Price has not demonstrated any actual prejudice such that the outcome would have been different. Therefore, a certificate of appealablity is **DENIED.**

III.

For the reasons provided in the report and recommendation, the petition for habeas relief is **DENIED** and the Court **DENIES** a certificate of appealability. **IT IS SO ORDERED.**

Date: February 11, 2014 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge